Joseph A. Cox, S.
In this accounting proceeding, the only question remaining for determination is the construction of the separation agreement between the decedent and his wife. All parties concede the agreement to be valid.
The testator’s wiU was executed in 1951. The parties were married in 1952. They were both residents of Florida, where the widow instituted an action for divorce on April 27, 1954. While this action was pending and in fact, after the entry of an order awarding temporary alimony, the separation agreement in question was executed and duly acknowledged on May 15, 1954 in Florida. The divorce proceedings abated by the testator’s death on June 8, 1954 in New York and his wiU was admitted to probate here in May, 1955. An election to take against the will was duly filed by the widow.
Paragraph 3 of the separation agreement provides for payment to the wife of $3,000 upon execution of the agreement and $3,000 annuaUy for her life or until her remarriage.
We.are here concerned with that portion of paragraph 9 which reads: “ It is specifically agreed between the parties hereto that the payments to be made by the Husband to the Wife as provided for herein shaU be in lieu of all alimony, separate maintenance, dower, or any other right or claim of the Wife against the Husband, other than the rights herein and hereby granted to the Wife, and the Wife hereby releases the Husband from any and aU common law or statutory obfigations, other than the obligations created by the terms of this agreement.”
The question before this court is whether by the execution of the separation agreement- the wife intended to waive or *723 release all rights in her husband’s estate, so as to effect a waiver or release of her right of election.
At the outset, it must be said that Florida law governs the construction of this separation agreement which was entered into at the domicile of the parties. (Gaines v. Jacobsen, 283 App. Div. 325.) This agreement was drawn, while a divorce action was pending, by Florida attorneys. The agreement refers to payments thereunder to be in “ lieu of all alimony, separate maintenance, dower, or any other right or claim of the Wife against the Husband ” (emphasis added). Florida statutes (§ 731.34) under the heading “dower in realty and personalty ” provides: “ Whenever the widow of any decedent shall not be satisfied with the portion of the estate of her husband to which she is entitled under the law of descent and distribution or under the will of her husband, or both, she may elect in the manner provided by law to take dower, which dower shall be one-third part in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law, and one-third part absolutely of the personal property owned by her husband at the time of his death ”.
From the foregoing, it seems clear that had the decedent died in Florida and were his will probated there, the widow could not elect. Dower was the only right to her husband’s estate this wife had in Florida. By clear express terms she released and waived this right. The agreement is to be construed as evidencing a clear intent on the part of the wife to release all interests in her husband’s estate including any elective right granted to her by statute. The court finds that the execution of this separation agreement constitutes a waiver of the widow’s right of election.
Submit decree settling the account accordingly.